Ernest SCOTT, Petitioner,

v.

MASON COAL COMPANY; Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.

No. 93–2067.

United States Court of Appeals,
Fourth Circuit.

Argued March 11, 1994.

Decided Aug. 10, 1995.

Scott has proved by a preponderance of the evidence that "pneumoconiosis was at least a contributing cause of [Scott's] totally disabling respiratory impairment." *Robinson v. Pickands Mather & Co.*, 914 F.2d 35, 38 (4th Cir.1990).

I

**ARGUED:** Martin Douglas Wegbreit, Client Centered Legal Services of Southwest Virginia, Inc., Castlewood, VA, for petitioner. Mark Elliott Solomons, Arter & Hadden, Washington, DC, for respondent Mason Coal; Gary K. Stearman, U.S. Dept. of Labor, Washington, DC, for respondent Director. **ON BRIEF:** Laura Metcoff Klaus, Arter & Hadden, Washington, DC, for respondent Mason Coal; Thomas S. Williamson, Jr., Sol. of Labor, Donald S. Shire, Associate Sol., Marta Kusic, Counsel for appellate Litigation, U.S. Dept. of Labor, Washington, DC, for respondent Director.

Before RUSSELL and WIDENER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.

Reversed and remanded with instructions by published opinion. Judge WIDENER wrote the opinion, in which Judge RUSSELL and Senior Judge CHAPMAN joined.

**OPINION**

WIDENER, Circuit Judge:

Ernest Scott first applied for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–45, in 1984. He has had two hearings before an administrative law judge (ALJ) and three before the Benefits Review Board (the Board). Therefore, the issues left in his case are narrow. We find that the ALJ committed error in refusing to consider a description of Scott's physical limitations contained in a physician's report. We remand this case to the Board with instructions to remand it to an ALJ to consider whether Scott is totally disabled and, if so, whether

Scott, who has a sixth-grade education, began working in coal mines when he was fourteen years old and accumulated twenty-one and one-half years of qualifying coal mine work, mainly as an inside coal loader and mechanic, for various operators between January 1940 and December 1980. He then worked for Mason Coal, the responsible operator in this case, until April 1983. Scott filed a claim for benefits under the Black Lung Benefits Acts on January 3, 1984. After the Department of Labor denied Scott's application, he requested a formal hearing, which was held on January 14, 1988. The ALJ found that Scott had pneumoconiosis and that the pneumoconiosis arose out of coal mine employment, but the ALJ then found that Scott was not entitled to benefits because he was not totally disabled due to pneumoconiosis.[1]

The Board affirmed by unpublished opinion, finding that Scott did not produce any medical opinion that "pneumoconiosis, in and of itself, caused [his] total disability." *Scott v. Mason Coal Co.*, BRB No. 88–1838 BLA, slip op. at 2 (Dec. 21, 1989) (per curiam). The Director, Office of Workers' Compensation Programs, filed a motion for reconsideration and suggestion for reconsideration en banc, which the Board granted. By published opinion, the Board reversed its precedent that required claimants to prove that the pneumoconiosis alone caused total disability. Instead, the Board held that the miner need prove only that pneumoconiosis is a "contributing cause" of the total disability. *Scott v. Mason Coal Co.*, 14 B.L.R. 1–37, 1–38—1–39 (B.R.B.1990) (en banc). The Board also affirmed the ALJ's earlier ruling that a March 20, 1985 pulmonary function study was not

---

1. The Board and the ALJ, in each of the several opinions in Scott's case, addressed several arguments and issues that are not relevant in light of our disposition. We limit our discussion of the evidence and issues in this case to those which bear on our decision.

qualifying. The Board remanded for the ALJ to determine whether a March 5, 1984 pulmonary function study was valid, given that the regulations for pulmonary function studies quality standards are not mandatory. 14 B.L.R. at 1–40—1–41. The Board vacated the ALJ's finding that Scott's disability was not due to pneumoconiosis and also remanded for the ALJ to determine whether the medical opinions of record established total disability under 20 C.F.R. § 718.204(c). The Board affirmed the ALJ's findings that Scott had pneumoconiosis which arose out of coal mine employment as unchallenged on appeal. 14 B.L.R. at 1–42 n. 6.

On remand, the ALJ determined that the March 5, 1984 study was not valid, despite the discretionary nature of the regulations. The ALJ also determined that the medical evidence of record did not support a finding of total disability. In making this determination, the ALJ discounted the physical limitation assessments made by Dr. Kelly Taylor, claiming that Dr. Taylor had merely recorded what Scott had told him and had not made an independent medical evaluation. The Board affirmed the ALJ's conclusion of no totally disabling respiratory impairment, finding the rejection of the March 5, 1984 pulmonary function study and the lack of consideration of Dr. Taylor's report proper.

Scott filed his petition for review.

## II

■■■ The Board affirms the factual findings of an ALJ if they are supported by substantial evidence on the record as a whole. *Zbosnik v. Badger Coal Co.*, 759 F.2d 1187, 1189 (4th Cir.1985) (quoting 33 U.S.C. § 921(b)(3)). We review the Board's decision to determine whether it correctly reviewed the ALJ's factual findings, given the substan-

tial evidence standard of review. *Wilson v. Benefits Rev. Bd.*, 748 F.2d 198, 199–200 (4th Cir.1984). We are not required, however, to give deference to the Board's holdings on issues of law, so we may review the Board's legal determinations de novo. See *Bethlehem Mines Corp. v. Massey*, 736 F.2d 120, 123, n. 1 (4th Cir.1984).

There are only two issues left for our consideration in Scott's case: whether he has total respiratory disability and whether his disability is due in part to pneumoconiosis.[2] Other issues of consequence, such as whether Scott has pneumoconiosis and whether the pneumoconiosis arose in part out of coal mine employment, have been decided in his favor in the earlier proceedings in this case. See *Scott v. Mason Coal Co.*, 14 B.L.R. 1–37, 1–42 n. 6 (B.R.B.1990) (en banc) (affirming ALJ's findings of pneumoconiosis arising out of coal mining employment as unchallenged on appeal). The issue of whether his disability is caused in part by pneumoconiosis has never been addressed by the Board or the ALJ because both of them found that Scott had not established total disability under 20 C.F.R. § 718.204(c).

## III

Scott's remaining arguments are two: (1) the physicians' reports that he submitted were sufficient to establish total disability either by themselves under 20 C.F.R. § 718.204(c)(4) or by providing a means under 20 C.F.R. § 718.204(b) for comparing the skills and abilities needed to perform his job with the skills he now has; and (2) his disability arises in part from pneumoconiosis. We examine each in turn and find that we must remand both claims.

---

**2.** The Director reasonably, and probably correctly, argues that we should apply the current Department of Labor Bulletin No. 84–6, which is to the effect that pulmonary function studies for miners based on height, whose heights are between those listed, should be taken as the next higher height. The ALJ, however, considered the March 20, 1985 pulmonary function study to be qualifying. A. 12. Since the decision on the March 20th test is the one which the Director takes issue with, we do not decide that question.

In this appeal, two of Scott's claims were based upon the true doubt rule. See *Greer v. Director, Office of Workers' Compensation Programs*, 940 F.2d 88, 90–91 (4th Cir.1991). The Supreme Court, however, recently held that the true doubt rule violates Section 7(c) of the Administrative Procedure Act, 5 U.S.C. § 556(d), so we do not consider them in that context. See *Director, Office of Workers' Compensation Programs v. Greenwich Collieries*, —— U.S. ——, —— – ——, 114 S.Ct. 2251, 2258–59, 129 L.Ed.2d 221 (1994).

*Physician's Report*

Dr. Kelly Taylor examined Scott on April 17, 1984 and prepared a physician's report on a Department of Labor form. In the report, Dr. Taylor listed the following limitations on Scott's physical activities:

Walking    Unable to walk more than 100 feet without becoming mildly short of breath.

Climbing    Unable to walk up more than 3 or 4 flights of stairs without becoming acutely short of breath.

Lifting    Unable to carry any weight for any distance without [becoming] short of breath, more than 20 pounds for 50 feet.

In addition, in response to a question on the form about the date on which the limitations were first manifested, Dr. Taylor reported "[l]ast 4 or 5 years but gradually getting worse." The form specifically asks for the physician's assessments of any limitations, and the Board's en banc opinion remanding the case to the ALJ instructed the ALJ that he was to

> compare Dr. Taylor's opinion regarding claimant's physical ability ... with claimant's testimony regarding the exertional requirements of his usual coal mine employment. 14 B.L.R. at 1–41.

The ALJ did not do so, however, because he found that the limitations described in Dr. Taylor's report, as well as the doctor's opinion in that report that Scott's symptoms had been getting worse for four or five years, were not the opinion of Dr. Taylor, but instead statements that Scott had made during the examination. The Board affirmed, stating that it was error for the ALJ to reject the limitations solely on the subjective belief that these statements were not the doctor's opinion, but finding support for the ALJ's decision because the "gradually getting worse" statement supposedly supports an inference that it and the descriptions of the

limitations were all statements made by Scott that were simply recorded by Dr. Taylor.

We agree with the Director and the Third and Eleventh Circuits that an ALJ may not reject physical limitations noted in a doctor's report as being nothing more than mere notations of the patient's descriptions unless there is specific evidence for doing so in the report. *Kowalchick v. Director, Office of Workers' Compensation Programs*, 893 F.2d 615, 623 (3d Cir.1990); *Jordan v. Benefits Review Bd. of the United States Dep't of Labor*, 876 F.2d 1455, 1460 (11th Cir.1989).[3] The Board as well as the ALJ erred in finding that the "gradually getting worse" statement provides independent evidence that supports an inference that the limitations listed were merely the statements of Scott. That finding is as much a part of Dr. Taylor's report as any other part of it. We hold that unless there is explicit evidence contained in the physician's report that the report is not the physician's opinion, but merely lists without adopting the patient's description of the physical limitations, the limitations must be taken as the physician's opinion. We therefore remand to the Board for it to remand to an ALJ for reconsideration of Dr. Taylor's report. The ALJ will consider the limitations mentioned by Dr. Taylor as a reasoned medical opinion. We also direct that the ALJ should consider Dr. Taylor's report under § 718.204(b).[4]

*Total Disability*

The second part of Scott's claim is that his disability is caused at least in part by pneumoconiosis. Because the ALJ should make this determination in the first instance[5] we remand to the Board for it to remand to the ALJ for consideration of that

---

**3.** The drift of the administrative proceedings in the case at hand is incorrect and quite contrary to Fed.R.Evid. 803(4) making admissible "[s]tatements made for purposes of diagnosis or treatment and describing medical history, past or present symptoms, pain, or sensations, or the inception or general character of the cause...."

**4.** The ALJ found that the "duties [Scott] ... described are ones that require heavy exertion." A. 13.

**5.** Scott is entitled to a de novo determination of the matter. He also is entitled to submit any additional evidence he chooses on the issue.

causation issue if the ALJ also finds total disability as discussed above.[6]

*REVERSED AND REMANDED WITH INSTRUCTIONS.*

---

6. We deny Mason Coal's motion to strike the Director's brief and grant Scott's motion to file     attachments to his reply brief.