**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WILLARD M. TOLER,
Petitioner,

v.

EASTERN ASSOCIATED COAL

CORPORATION; DIRECTOR, OFFICE OF
WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF
LABOR,
Respondents.

No. 96-1227

On Petition for Review of an Order
of the Benefits Review Board.
(95-1347-BLA)

Submitted: December 17, 1996

Decided: January 10, 1997

Before WILKINS and MICHAEL, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

S. F. Raymond Smith, RUNDLE & RUNDLE, L.C., Pineville, West
Virginia, for Petitioner. Mark E. Solomons, Laura Metcoff Klaus,
ARTER & HADDEN, Washington, D.C.; J. Davitt McAteer, Acting
Solicitor of Labor, Donald S. Shire, Associate Solicitor, Christian P.

Barber, Counsel for Appellate Litigation, Edward Waldman, Office of the Solicitor, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

For the second time, Willard Toler petitions for review of a decision of the Benefits Review Board (Board) affirming the administrative law judge's (ALJ) decision to deny his application for black lung benefits. The facts of this case are set forth in our opinion in Toler v. Eastern Associated Coal Co., 43 F.3d 109 (4th Cir. 1995), and need not be restated here. The issue in this appeal is whether the ALJ properly found that "contrary probative evidence" sufficiently undercut two pulmonary function studies which produced "qualifying" values under 20 C.F.R. § 718.204(c)(1) (1996), so as to conclude that Toler failed to establish a totally disabling respiratory impairment under section 718.204(c). Toler argues that the ALJ's finding was erroneous because the record contains no evidence which is contrary to the qualifying studies, while the Director, Office of Workers' Compensation Programs (Director), submits that while the blood gas evidence of record was non-qualifying, the ALJ could not rely on this evidence to offset the pulmonary function evidence because the two types of studies measure different forms of impairment. See Tussy v. Island Creek Coal Co., 982 F.2d 1036, 1040-41 (6th Cir. 1993). We must affirm the decision of the Board if it properly decided that the ALJ's findings are supported by substantial evidence. See Doss v. Director, Office of Workers' Compensation Programs, 53 F.3d 654, 658 (4th Cir. 1995).

In his first decision, the ALJ considered only whether Toler was able to establish total disability under any of the four alternative

2

methods provided by section 718.204(c). Because he found no affirmative evidence of disability, he did not consider whether all the evidence, weighed together, established disability. On remand, the ALJ reconsidered the pulmonary function evidence in accordance with our instructions and found it sufficient to establish total disability. He then assessed the weight of this evidence in light of the blood gas evidence, medical opinion evidence, and the miner's own testimony, and found that Toler failed to establish total disability by a preponderance of the evidence.

Contrary to the assertions of Toler and the Director, not only the blood gas evidence, but also the medical opinion evidence and the miner's testimony, supported the ALJ's finding of no total disability on remand. After finding the pulmonary function evidence to be qualifying under section 718.204(c)(1), the ALJ's opinion on remand focused on comparing the miner's physical abilities and the exertional requirements of his job. See Scott v. Mason Coal Co., 60 F.3d 1138, 1141 (4th Cir. 1995); Walker v. Director, Office of Workers' Compensation Programs, 927 F.2d 181, 185 (4th Cir. 1991). This comparison was achieved through reference to the medical opinion evidence and the miner's own testimony, which established that the miner's job was completely sedentary and that the miner had the physical capacity to lift fifty pounds, walk 100 feet up an incline, three blocks on level ground, or climb ten steps before becoming short of breath.

Two physicians, Drs. Chillag and Zaldivar, found that the miner had an impairment but did not address whether the miner was disabled. The ALJ discussed their reports and found that given the miner's physical abilities, and the exertional requirements of his job, these reports could not support the inference that the miner was totally disabled. Although Dr. Tuteur found the miner disabled to do "the tasks of a coal worker," the ALJ declined to find that Dr. Tuteur was speaking of the miner's specific duties at his last usual coal mine job as a dispatcher when he used these words. The ALJ further indicated that, to the extent that Dr. Tuteur's opinion could be interpreted to find the miner disabled to perform his job as a dispatcher, it was not well reasoned, because a comparison of the miner's physical abilities with the duties of his job as a dispatcher could not support a finding that he was unable to perform that job.

3

Given the undisputed evidence in the record regarding the miner's physical abilities and the exertional requirements of his job, we find no error in the ALJ's determination that the miner failed to establish, by a preponderance of all relevant evidence, that he was unable to perform his usual coal mine work. <u>See</u> 20 C.F.R. § 718.204(b) (1996). Toler's inability to establish total disability precludes his entitlement to benefits. <u>See Robinson v. Pickands Mather & Co.</u>, 914 F.2d 35, 36 (4th Cir. 1990). Accordingly, it is unnecessary to address Toler's arguments on appeal relating to the cause of his total disability.

The decision of the Board is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4