PUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

ERNEST SCOTT,

　　　　　　　　　　*Petitioner,*

　　　　v.

MASON COAL COMPANY; DIRECTOR,
OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,

　　　　　　　　　　*Respondents.*

No. 99-1495

On Petition for Review of an Order
of the Benefits Review Board.
(98-660-BLA)

Argued: February 28, 2000

Decided: May 2, 2002

Before WILKINSON, Chief Judge, WIDENER, Circuit Judge,
and James R. SPENCER, United States District Judge
for the Eastern District of Virginia, sitting by designation.

Reversed and remanded with instructions by published opinion. Judge
Widener wrote the opinion, in which Chief Judge Wilkinson and
Judge Spencer joined.

## COUNSEL

**ARGUED:** Martin Douglas Wegbreit, CLIENT CENTERED
LEGAL SERVICES OF SOUTHWEST VIRGINIA, INC., Castle-

wood, Virginia, for Petitioner. Mark Elliott Solomons, ARTER & HADDEN, L.L.P., Washington, D.C., for Respondents. **ON BRIEF:** Laura Metcoff Klaus, ARTER & HADDEN, L.L.P., Washington, D.C., for Respondents.

## OPINION

WIDENER, Circuit Judge:

This is Ernest Scott's second appeal to this court from a decision by the Benefits Review Board (the Board) upholding an administrative law judge's (ALJ) decision to deny him benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901-45. In *Scott v. Mason Coal Co.*, 60 F.3d 1138 (4th Cir. 1995), we remanded the case for a determination of whether Scott is totally disabled, and if so, of whether his disability was caused at least in part by pneumoconiosis. On remand, the ALJ found the medical evidence did not indicate that Scott was totally disabled or that any disability was caused in part by pneumoconiosis. *Scott v. Mason Coal Co.*, BRB No. 96-0995 BLA (Jan. 30, 1998). The Board affirmed that decision on appeal. *Scott v. Mason Coal Co.*, BRB No. 98-0660 BLA (Mar. 17, 1999). We find that the ALJ committed error in failing to consider a reasoned medical opinion indicating that Scott is totally disabled and in erroneously relying on the opinions of two doctors who did not diagnose Scott with pneumoconiosis. We reverse and remand with an order to the Board to award benefits to Scott.

### I.

Scott started working in the coal mines at the age of 14 and continued to do so for 24 years. He last worked for Mason Coal Company (Mason Coal), the responsible operator in this case, in April 1983. Scott first filed for benefits under the Black Lung Benefits Act on January 3, 1984.

In 1988, an ALJ determined that Scott has pneumoconiosis that arose out of his coal mine employment.[1] *Scott*, 60 F.3d at 1139. How-

---

[1]The ALJ determined that Scott had pneumoconiosis from contradictory X-ray evidence. The ALJ justified the determination after using the

ever, in order to receive benefits, Scott still had to prove that he was totally disabled and that his disability was due to pneumoconiosis. *Toler v. Eastern Associated Coal Co.*, 43 F.3d 109, 112 (4th Cir. 1995). The ALJ found that Scott did not establish that he was totally disabled from pneumoconiosis because he could not show that his disability was due solely to pneumoconiosis. The Board initially affirmed the ALJ's decision on appeal. *Scott v. Mason Coal Co.*, BRB No. 88-1838 BLA (Dec. 21, 1989). But after granting a motion for reconsideration filed by the Director of the Office of Workers' Compensation Programs, the Board, *en banc*, vacated the December 21, 1989 decision and remanded the case to the ALJ after reevaluating the standard used in this circuit for determining causation in black lung cases. *Scott v. Mason Coal Co.*, BRB No. 88-1838 BLA (Jun. 22, 1990) (en banc). The Board overruled its precedent and changed the causation standard to require that a claimant need only prove that pneumoconiosis was a contributing cause of his disability, instead of the sole cause. Even under this new standard, the ALJ denied Scott's claim on remand, and the Board subsequently affirmed that decision. *Scott v. Mason Coal Co.*, BRB No. 88-1838 BLA (Oct. 10, 1991), *aff'd*, BRB No. 92-0312 BLA (Aug. 6, 1993). Scott then appealed that decision to the Fourth Circuit.

On August 10, 1995, we issued a published opinion in this case finding that the ALJ committed error in refusing to consider a listing of Scott's physical limitations found in Dr. Kelly Taylor's report when determining whether Scott was totally disabled. *Scott*, 60 F.3d at 1139. We remanded the case to the Board with instructions for it

---

true doubt rule to resolve all doubt concerning the X-ray evidence in the claimant's favor and after finding support in Dr. Taylor's and Dr. Joseph P. Smiddy's opinions. The Supreme Court later rejected the true doubt rule in *Director, OWCP v. Greenwich Collieries*, 512 U.S. 267, 280-81 (1994). The Board, however, affirmed the pneumoconiosis finding despite the ALJ's use of the true doubt rule because Mason Coal did not challenge the ALJ's alternative basis for his decision based on the doctor's opinions. The Board decided in the decision at issue here that Dr. Smiddy's opinion was weakened because of his reliance on an invalidated pulmonary function study. However, Mason Coal has not raised this issue here, and we consider it finally determined that Scott's has pneumoconiosis as a direct result of his coal mine employment.

to remand the case to an ALJ on two narrow issues: (1) whether the ALJ could find that Scott was totally disabled after reconsidering Dr. Taylor's report as a reasoned medical opinion and (2) whether, if the ALJ found that Scott was totally disabled, Scott's disability was caused at least in part by pneumoconiosis. *Scott*, 60 F.3d at 1141-42.

After our remand and a subsequent remand order from the Board, the ALJ re-opened the record to allow the parties to submit further evidence concerning both the extent of Scott's disability and the causes of his disability. The ALJ issued an opinion on April 5, 1996 again denying Scott benefits on the basis that the medical evidence did not establish that Scott was totally disabled. *Scott v. Mason Coal Co.*, BRB No. 92-312-BLA (Apr. 5, 1996). In reaching this decision, the ALJ did not consider the additional evidence submitted after he re-opened the record because he found it was superfluous. Scott appealed this decision to the Board, and it decided that the ALJ erred by not considering the additional evidence admitted after remand. *Scott v. Mason Coal Co.*, BRB No. 96-0995 (Apr. 28, 1997). Thus, the Board remanded the case back to the ALJ for reconsideration in light of all the relevant evidence submitted in the record.

In the course of his claim, Scott was examined by or presented medical evidence from five different physicians. Three of those physicians' findings are relevant to this appeal,[2] and we set them forth in some detail here. Dr. Kelly Taylor examined Scott on April 17, 1994 and determined that Scott has pneumoconiosis related to coal dust exposure from Scott's coal mine employment. Dr. Taylor also provided a list of Scott's physical limitations, which we determined was a reasoned medical opinion in Scott's prior appeal to this court. *Scott*, 60 F.3d at 1141.

Dr. Abdul Dahhan provided an expert opinion on Scott at the request of Mason Coal. Dr. Dahhan examined Scott on two different occasions, provided an opinion based on a review of all of Scott's medical records, and presented deposition testimony. On his first examination of Scott in 1985, Dr. Dahhan diagnosed Scott with sim-

---

[2]Scott has not appealed with respect either the ALJ's or the Board's decisions concerning the remaining two physicians whose opinions were relevant to the past administrative decisions.

ple pneumoconiosis, but found that Scott has no disability due to the disease. After a review of all the medical evidence in the case in 1987, Dr. Dahhan changed his opinion and found insufficient evidence that Scott has pneumoconiosis. After a second examination of Scott in 1995, Dr. Dahhan again found insufficient evidence to diagnose pneumoconiosis, instead he diagnosed Scott with a moderate obstructive airway disease caused by his long history of tobacco use and exacerbated by his severe cardiac disease. Dr. Dahhan opined that Scott is totally disabled because of his airway disease.

In a 1996 report completed after reviewing all the medical evidence in the case at the request of Mason Coal, Dr. James R. Castle opined that Scott does not have pneumoconiosis. Dr. Castle did find that Scott has pulmonary difficulties and breathing problems caused by tobacco use and cardiac diseases. Dr. Castle concluded in the report that Scott is totally disabled due to his coronary artery disease. In a later deposition, Dr. Castle further stated that he disagreed with Dr. Dahhan and found that Scott is not totally disabled from a respiratory standpoint.[3]

All of this evidence was before the ALJ on the latest remand in this case, and the ALJ again determined that the evidence in the record was insufficient to establish that Scott is totally disabled. *Scott v. Mason Coal Co.*, BRB No. 96-0995 BLA (Jan. 30, 1998). The ALJ gave the greatest weight to the opinions of Dr. Castle and Dr. Dahhan. While the ALJ set forth Dr. Taylor's findings, he discounted them as "not well-reasoned" because Dr. Taylor failed to provide an explanation, objective tests, or any documentation to support his diagnosis. The ALJ went further and determined that even assuming Scott was totally disabled, his disability was not due even in part to pneumoconiosis. The ALJ also relied on Dr. Dahhan's and Dr. Castle's opinions in making this determination despite the fact that neither doctor diagnosed Scott with pneumoconiosis. The ALJ explained this position by noting that because both doctors stated that their opinions would not change even if they assumed Scott had pneumoconiosis, they could

---

[3]Dr. Castle stated that he believed Dr. Dahhan reached an erroneous conclusion because Dr. Dahhan based his opinion of disability on an invalid test.

be probative on the causation issue. Scott appealed this decision to the Board.

In the decision before us today, the Board affirmed the ALJ's latest denial of benefits to Scott. *Scott v. Mason Coal Co.*, BRB No. 98-0660 BLA (Mar. 17, 1999). While the Board acknowledged that the ALJ did not follow our instructions to consider Dr. Taylor's opinion as a reasoned medical opinion, it found sufficient basis to affirm the ALJ's decision based on the ALJ's alternative holding that Scott's disability is not caused in any part by pneumoconiosis. On the causation determination, the Board found that the ALJ could credit Dr. Dahhan's and Dr. Castle's opinions even though they did not diagnose Scott with pneumoconiosis. The Board found sufficient support for the decision to credit those opinions because the ALJ found the doctors would have reached the same decision had Scott been diagnosed with pneumoconiosis; the ALJ found the opinions clear, documented, and persuasive; and the Board observed that both doctors are board certified in internal medicine and pulmonary diseases.

## II.

As we noted in our previous decision, Scott has established that he has pneumoconiosis arising out of his coal mine employment. *Scott*, 60 F.3d at 1140. Scott has raised the same two questions we identified in our past decision for our review on this appeal: whether the ALJ correctly decided that Scott is not totally disabled and whether the ALJ correctly determined that Scott has no disability from pneumoconiosis. We review the Board's decision upholding the ALJ's decision to determine whether it correctly found that the ALJ's factual findings were supported by substantial evidence in the record. *Scott*, 60 F.3d at 1140. To do so, we review the record independently, assessing the ALJ's decision under the substantial evidence standard. *Toler*, 43 F.3d at 114. Substantial evidence consists of sufficient relevant evidence to convince a reasonable mind that the evidence is adequate to support a conclusion. *Milburn Colliery Co. v. Hicks*, 138 F.3d 524, 528 (4th Cir. 1998) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). We review the Board's conclusions of law *de novo*. *Scott*, 60 F.3d at 1140.

### III.

First, Scott argues that the Board should not have affirmed the ALJ's decision because, as acknowledged by the Board, the ALJ did not follow our instructions on remand to consider Dr. Taylor's listing of physical limitations as a reasoned medical opinion. A lower court must comply with the mandate of a higher court. See *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993). Thus, when we remand a case, the lower court must "implement both the letter and spirit of the . . . mandate." *Bell*, 5 F.3d at 66 (internal quotations and citations omitted). This rule applies with equal authority and weight to the Board and to the ALJ as administrative agencies. See *Hyatt v. Heckler*, 807 F.2d 376, 379 (4th Cir. 1986); 18 Charles Alan Wright et al., *Federal Practice and Procedure* § 4478, at 794 (1981).

While the ALJ gave lip service to Dr. Taylor's opinion, in the end, the ALJ concluded that Dr. Taylor's opinion was not well-reasoned — in direct contradiction to our mandate that the ALJ consider the opinion as reasoned. For this reason, the ALJ's opinion on total disability cannot be supported by substantial evidence because the ALJ did not consider all the evidence in the record as required by this court's mandate. The Board did not make an explicit finding as to Scott's total disability because it based its decision to affirm the denial of benefits on the ALJ's determination that Scott could not establish that any disability is due to pneumoconiosis. However, the Board did note in its causation discussion that both Dr. Dahhan and Dr. Castle indicated that Scott was totally disabled. The record confirms that finding.[4] Once this court takes Dr. Taylor's limitations

---

[4]Dr. Castle did, however, opine that from a respiratory standpoint only, Scott was able to return to his previous coal mine employment. He explained his disagreement with Dr. Dahhan by indicating that the study Dr. Dahhan relied on for his opinion was invalid. We believe this criticism of Dr. Dahhan's report goes to its overall weight only, and our balancing of the evidence would still have the same result because of the uncontradicted validity of Dr. Taylor's report. At most, we have a report of questionable validity (Dr. Dahhan), one of unquestioned validity (Dr. Taylor), and one that is valid, but with an opposite conclusion (Dr. Castle). Under these circumstances, we still cannot find that substantial evidence supports the proposition that Scott is not totally disabled.

properly into account along with Dr. Dahhan's opinion, we are of opinion that substantial evidence cannot support a finding that Scott is not totally disabled. Thus, the Board was required to reverse the ALJ's finding and determine that Scott is totally disabled on this record.

IV.

While the ALJ erred in refusing to consider Dr. Taylor's opinion in accordance with our orders on remand, the ALJ did provide an independent basis for denying Scott's claim — that Scott failed to establish that his disability is caused even in part by pneumoconiosis. In order to receive benefits, a claimant must establish under 20 C.F.R. Part 718 both that he is totally disabled and that his disability is caused at least in part by pneumoconiosis. 20 C.F.R. §§ 718.201-.204; see *Milburn Colliery Co. v. Hicks*, 138 F.3d 524, 528 (4th Cir. 1998). Therefore, if the ALJ's opinion on causation is supported by substantial evidence, Scott would still not be entitled to benefits regardless of the ALJ's errors concerning the determination of total disability.

Scott argues that the ALJ and the Board violated the rule set forth in *Toler v. Eastern Associated Coal Co.*, 43 F.3d 109 (4th Cir. 1995), by relying on Dr. Dahhan's and Dr. Castle's opinions regarding causation because neither doctor had diagnosed Scott with pneumoconiosis — in direct contradiction to the ALJ's finding. The Board upheld the ALJ's consideration of both doctors' opinions because both doctors stated that their opinion would not change if Scott had pneumoconiosis and because both doctors' opinions were clearly stated, fully documented, and highly persuasive. The Board also found that the ALJ could credit their opinions because both doctors were Board-certified in internal medicine and pulmonary diseases.

In *Toler*, we considered an ALJ's finding that the claimant had not established causation based on the opinions of doctors who did not diagnose the claimant with pneumoconiosis. *Toler*, 43 F.3d at 115. Recognizing that we had disapproved the use of such evidence in analogous circumstances in *Grigg v. Director, OWCP*, 28 F.3d 416 (4th Cir. 1994), we determined that

> an ALJ who has found (or has assumed *arguendo*) that a claimant suffers from pneumoconiosis and has total respira-

> tory disability may not credit a medical opinion that the for-
> mer did not cause the latter unless the ALJ can and does
> identify specific and persuasive reasons for concluding that
> the doctor's judgment on the questions of disability causa-
> tion does not rest upon her disagreement with the ALJ's
> finding as to either or both of the predicates in the causal
> chain.

*Toler*, 43 F.3d at 116. While we did not go so far as to determine that
such opinions were "wholly lacking in probative value," we did find
that they "can carry little weight." *Toler*, 43 F.3d at 116.

We evaluated similar questions in *Hobbs v. Clinchfield Coal Co.*,
45 F.3d 819 (4th Cir. 1995) (*Hobbs II*), and in *Dehue Coal Co. v. Bal-
lard*, 65 F.3d 1189 (4th Cir. 1995). In both *Hobbs II* and *Ballard*, the
ALJ relied on evidence from doctors who did not diagnose the claim-
ant with coal miner's pneumoconiosis to decide that the claimant had
not established the causation element. *Ballard*, 65 F.3d at 1195;
*Hobbs II*, 45 F.3d at 821. In both cases we found, however, that this
reliance was appropriate because the doctors' opinions that the claim-
ant did not have coal miner's pneumoconiosis did not necessarily con-
tradict the ALJ's determination that the claimant had legal
pneumoconiosis. *Ballard*, 65 F.3d at 1195; *Hobbs II*, 45 F.3d at 821-
22. We focused on the fact that the legal definition of pneumoconiosis
is much broader than the medical definition and that coal worker's
pneumoconiosis is only one of the diseases that qualifies a claimant
for benefits under the legal definition. *Ballard*, 65 F.3d at 1193;
*Hobbs II*, 45 F.3d at 821. Thus, because the doctors had diagnosed the
claimants with or found symptoms consistent with legal pneumoconi-
osis, if not coal worker's pneumoconiosis, the ALJ could properly
rely on their opinions despite our decision in *Toler*. *Ballard*, 65 F.3d
at 1195; *Hobbs II*, 45 F.3d at 822; see *Piney Mountain Coal Co. v.
Mays*, 176 F.3d 753, 761-72 (4th Cir. 1999) (allowing an ALJ to rely
on a doctor's opinion that rejected a particular diagnosis of pneumo-
coniosis because that doctor's opinion did not necessarily contradict
the ALJ's legal finding of pneumoconiosis).

We are of opinion that the decisions in *Hobbs II* and *Ballard* are
distinguishable from the facts at issue in this case. Instead, the facts
in this case are nearly identical to those in *Toler*. Both Dr. Dahhan

and Dr. Castle opined that Scott did not have legal or medical pneumoconiosis, did not diagnose any condition aggravated by coal dust, and found no symptoms related to coal dust exposure. Thus, their opinions are in direct contradiction to the ALJ's finding that Scott suffers from pneumoconiosis arising out of his coal mine employment, bringing our requirements in *Toler* into play. Under *Toler*, the ALJ could only give weight to those opinions if he provided specific and persuasive reasons for doing so, and those opinions could carry little weight, at the most.

While we believe that the ALJ did not provide sufficient specific and persuasive reasons to credit Dr. Dahhan and Dr. Castle, we need not belabor that point because even if the ALJ had provided sufficient rationale for crediting their opinions, we are of opinion that the ALJ accorded those opinions far more than the little weight they are allowed under *Toler*. The ALJ in fact relied exclusively on Dr. Dahhan's and Dr. Castle's opinions in his causation analysis.[5] The ALJ gave little, if any weight, to Dr. Taylor's opinion. Two opinions that may hold no weight, or at most may hold the little weight allowed by *Toler*, cannot suffice as substantial evidence to support the ALJ determination that Scott's respiratory impairment was not caused at least in part by pneumoconiosis. This is especially true when one causation opinion based on the proper diagnosis, even a poorly documented one, links the disability to pneumoconiosis. The evidence in the record suggests only three sources for Scott's impairment: pneumoconiosis, cigarette smoking, and cardiac problems. We cannot find substantial evidence to show that pneumoconiosis can be eliminated completely as a cause. The only evidence that may be given substantial weight indicates that pneumoconiosis is the cause of Scott's disability; therefore, we reverse the Board's decision affirming the ALJ's opinion on causation as not supported by substantial evidence.

V.

Scott has requested this court to remand with orders to award benefits. Upon our review of the record, no substantial evidence can support a finding that Scott is not totally disabled. Additionally, there is

---

[5]Scott did not appeal the ALJ's decision to give little weight to Dr. Patrick Molony's opinion.

no substantial evidence to dispute any causative contribution of pneumoconiosis to Scott's disability. Under these circumstances, an ALJ must find that Scott is totally disabled due to pneumoconiosis. Thus, we reverse the Board's order denying benefits and remand with an order to award benefits without further administrative proceedings because on this record, only one factual conclusion is possible establishing Scott's entitlement to benefits. See *Curry v. Beatrice Pocahontas Coal Co.*, 67 F.3d 517, 524 (4th Cir. 1995); *Barber v. Director, OWCP*, 43 F.3d 899, 901 (4th Cir. 1995); *Adkins v. Director, OWCP*, 958 F.2d 49, 52-53 (4th Cir. 1992) (awarding benefits after resolving conflicts in medical evidence); see also *Mancia v. Director, OWCP*, 130 F.3d 579, 593-94 (3d Cir. 1997).[6]

*REVERSED AND REMANDED WITH INSTRUCTIONS*

---

[6]Both *Curry* and *Greer* involved a presumption that we found the employer could not properly rebut, necessitating an award of benefits. However, the same logic applies in cases, like this one, not involving presumptions and requires an award of benefits if we find no substantial evidence could support an opposite conclusion.